NADAL, DEMANDANTE Y APELADO, *v.* VIVONI ET AL., DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en causa sobre cobro de una cantidad de dinero.

No. 1231.—Resuelto en febrero 4, 1915.

PRUEBAS—PRÓRROGA PARA EL PAGO DE UNA OBLIGACIÓN.—Alegada en la contestación de una demanda que se había concedido una prórroga para el pago de la obligación que se reclama, y que por este motivo no estaba vencida al' tiempo de interponerse la demanda, debe probarse en juicio tal afirmación, pues de lo contrario no puede sostenerse que la obligación no está vencida.

ID.—TESTIGOS—LEY DE EVIDENCIA.—La alegación de que un solo testigo no es suficiente para hacer prueba en juicio, es insostenible con los principios de la Ley de Evidencia. Véase *Arruza* v. *Laugier et al.*, 14 D. P. R., 25.

Los hechos están expresados en la opinión.

Los apelantes comparecieron por escrito por medio de su abogado Sr. Juan Quintero.

El apelado no compareció.

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

En la Corte de Distrito de Mayagüez, Cristina C. de Nadal radicó demanda contra José A. Vivoni como deudor directo y Quintín Ramírez como garantizador solidario para el cobro de una obligación por la cantidad de $650 moneda americana más intereses sobre dicha suma desde la interposición de dicha demanda, y las costas, gastos, desembolsos y honorarios de abogado, la cual obligación había sido constituída por un documento de 8 de abril de 1912 a vencer el 8 de octubre del mismo año .

Los demandados en su contestación no niegan la certeza de la obligación, aunque alegan que ésta no ha vencido por haber sido prorrogada varias veces y la última hasta el 8 de diciembre de 1914. En agosto 31, 1914, celebrado el juicio, la corte dictó sentencia de acuerdo con la súplica de la demanda, habiendo interpuesto los demandados recurso de

apelación contra aquélla para ante esta Corte Suprema con fecha 8 de septiembre de 1914.

Alegan los apelantes como fundamento del recurso: 1. Que el pagaré objeto de la demanda había sido prorrogado y por tanto no estaba vencido ni podía exigirse el pago del mismo; y 2. Que habiendo sido negados algunos hechos de la demanda, con la declaración de un solo testigo que tiene interés en el caso no ha podido dictarse sentencia por la corte inferior condenando a los demandados al pago de la suma reclamada y las costas, por ser un principio legal de derecho que un solo testigo no hace fe en juicio.

El primero de estos fundamentos carece en absoluto de base puesto que de la demanda aparece vencida la obligación que se reclama, y si, como alegaron los demandados en su contestación, se había concedido una prórroga y no estaba vencida al tiempo de interponerse la demanda, entonces dichos demandados debieron probar en juicio tal afirmación, y, no habiéndolo hecho, no puede sostenerse que la obligación no está vencida.

En cuanto al segundo fundamento, la alegación de que un solo testigo no es suficiente para hacer prueba en juicio, es insostenible con los principios de la ley de evidencia, según ha resuelto ya esta Corte en el caso de *Arruza* v. *Laugier et al.*, 14 D. P. R., 25.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.